RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/12/06

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION**

Brooksie Toups, et al.                     Civil Action No. 05-2067

versus                                     Judge Tucker L. Melançon

Member Service Life                        Magistrate Judge Mildred E. Methvin
Ins. Co., et al

## MEMORANDUM RULING AND ORDER

Before the Court is plaintiffs' request to hold open the administrative record for sixty days in order for discovery to be conducted [Rec. Doc. 31]. In their memorandum filed in response to Defendant Zurich American Insurance Company's (Zurich) Motion for Partial Summary Judgment on the Applicability of ERISA, plaintiffs request the Court to issue an order that the administrative record remain open for sixty days for a period of discovery. Zurich opposes this request in its Motion For Partial Summary Judgment on the Issue of the Completeness of the Administrative Record [Rec. Doc. 34].

This action is brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.* Plaintiffs filed this lawsuit on October 31, 2005 in the 13th Judicial District, Evangeline Parish, Louisiana, seeking benefits under the supplemental accident[al] death [and] life insurance provision of the policy issued

1

by Zurich to James Roy Pommier, husband of Brooksie Toups and biological father of Jeremy Pommier, Joshua Neal Pommier, Hannah Leah Pommier and Hunter Roy Pommier.[1] Plaintiffs allege that James Roy Pommier was ejected from his vehicle on November 17, 2004 and died from his injuries. [Complaint, Rec. Doc. 1]. Zurich removed the matter to this Court on December 5, 2005, pursuant to 28 U.S.C. §1441, *et seq*. [Zurich Notice of Removal, Rec. Doc. 4.].[2] Zurich answered the complaint on December 16, 2005, admitting that James Roy Pommier was an employee of Parker Drilling company and/or its subsidiaries and eligible for certain benefits under the Parker Drilling Company Group Life, Accident and Disability Plan [Zurich Answer, Rec. Doc. 15 at ¶ 5]. On March 16, 2006, Zurich filed its Response to the Court's ERISA Case Order and also filed a copy of the administrative record including (1) a copy of group policy number GTU-0016229 (the "Policy") issued by Zurich and (2) a copy of the Summary Plan Description of the Parker Drilling Company Group Life, Accident and Disability Plan - Supplemental Accidental Death and Dismemberment Coverage (the "Plan") and (3) other documents comprising the administrative record

---

[1] Plaintiffs also seek supplemental life and basic accidental death benefits from defendant Member Service Life Insurance Company (MSL). [Complaint, Rec. Doc. 1].

[2] MSL's consent to removal was filed on the same day. [MSL Consent to Removal, Rec. Doc. 7].

2

for the plaintiffs' claim for benefits. [Zurich Response to ERISA Case Order, Rec. Doc. 29].

On March 16, 2006, Zurich filed its Motion For Partial Summary Judgment on the Issue of the Applicability of ERISA [Rec. Doc. 28]. On May 1, 2006, the parties filed their stipulation that ERISA preempts all state law claims and that the Parker Drilling Company Group Life, Accident and Disability Plan-Supplemental Accidental Death and Dismemberment ("the Plan") does not vest the plan administrator with authority to construe the terms of the Plan [Rec. Doc. 36]. Based on plaintiffs' statement that they did not oppose Zurich's motion that ERISA applies and the parties' stipulation, the Court granted Zurich's motion on this date.

*Analysis*

In their request that they be allowed "additional time to allow [their] experts to examine the evidence that defendants relied upon in denying the claim," plaintiffs state:

\* \* \*

> It was not until defendants filed their motion for partial summary judgment and included all the attachments that plaintiffs learned the names of doctors and pharmacists that defendants contacted and learned of defendants experts and reports they submitted. Plaintiffs claim that there are other doctors in the local area that may have prescribed the medication Methadone.

Accordingly, plaintiffs do not oppose the partial summary judgment, but do ask the Court for sixty (60) more days before closing the record.

Plaintiffs' Memorandum in Support of Paintiffs Brooksie Toups, et al. [Rec. Doc. 31 at p. 1].

Zurich asserts that, since the court's function is limited to a review of the administrator/insurer's actions based on the facts as developed by the parties at the administrative level, discovery of facts related to the plaintiffs' claims is precluded and, barring a showing that a documents has been omitted from, or not otherwise included in, the administrative record is complete. Zurich cites *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98 (5th Cir. 1993) in support of its position that the court can only consider the evidence available to the plan administrator in evaluating whether the administrator abused his discretion. In light of the Fifth Circuit jurisprudence related to completeness of the ERISA administrative record, the Court agrees with Zurich.

When assessing factual questions, the district court is constrained to the evidence before the plan administrator. *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287 at 300 (5th Cir. 1999). Once the administrative record has been determined, the district court may not stray from it except for certain limited exceptions related to either interpreting the plan or explaining medical terms and procedures relating to the

claim. *Id.* In *Vega*, the Fifth Circuit held that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Id.*

Moreover, as Zurich states the ERISA Case Order provides:

> Discovery may not be conducted regarding the factual basis of the plaintiff's [claim] because this court's review is constrained to the evidence in the administrative record as reviewed by the plan administrator, and the administrator's decision can only be overturned if the court concludes that it constitutes an abuse of discretion. *Schadler v. Anthem Life Insurance Co.,* 147 F.3d 388, 394 (5th Cir. 1998); *Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 639 (5th Cir. 1992); *Southern Farm Bureau Life Insurance Co. v. Moore,* 993 F.2d 98, 102 (5th Cir. 1993).

ERISA Case Order [Rec. Doc. 31 at p. 4].

Plaintiffs have made no showing that any documents have been excluded from the administrative record or that the administrative record is either inaccurate or incomplete or otherwise shown that they are entitled to relief. Accordingly,

IT IS ORDERED that the Administrative Record is deemed complete and that plaintiffs' request that this Court issue an order that the Administrative Record

remain open for sixty days for a period of discovery [Rec. Doc. 31] is DENIED.

Thus done and signed this 9th day of May, 2006 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge